IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

XAVIER HERNANDEZ-ALBINO

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-1040 (DRD)
(CRIMINAL 07-0126(DRD))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion filed by petitioner Javier Hernandez-Albino on January 18, 2011, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)   The government opposed the motion to vacate sentence on April 27, 2011.  (Docket No. 3.)   Petitioner filed a reply to the response on May 31, 2011 (Docket No. 4.)

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED as untimely.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2008, petitioner pleaded guilty to count three of a 10-count second superceding indictment in which he was charged in five counts. Specifically he pleaded guilty under Fed. R. Crim. P. 11(c)(1)(C) to the charge of aiding and abetting in that he did unlawfully obstruct, delay ,and affect, and

CIVIL 11-1040 (DRD)                                                2
CRIMINAL 07-0126 (DRD)

attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18 United States Code, Section 1951(b)(1), that defendants did, knowingly, intentionally and unlawfully take and obtain property of Loomis Fargo at the time in the custody of JNH, a male person of legal age, employed by Loomis Fargo as guard/operator, consisting of approximately nine hundred and forty-four thousand two hundred twenty-five dollars ($944,225), against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person. All in violation of Title 18, United States Code, Sections 1951(a) and 2. (Criminal 07-0126 (ADC), Docket No. 350.) According to the plea agreement signed by petitioner, the other counts in which he was charged were to be dismissed at the time of sentence.

The plea agreement was entered on the same day that petitioner entered a guilty plea. The terms of the agreement related to count three of the superceding indictment called for a base offense level of 20, pursuant to U.S.S.G § 2B3.1 (robbery); a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(6)(for use of a firearm during a robbery), another two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F); and another two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(E). Petitioner was awarded a

CIVIL 11-1040 (DRD)                                     3
CRIMINAL 07-0126 (DRD)

two-level decrease for acceptance of responsibility, pursuant to U.S.S.G.§ 3E1.1(b). A total offense level of 30 was reached which provided for a sentencing range in the advisory guidelines of 97-121 months. Petitioner was sentenced under Fed. R. Crim. P. 11(c)(1)(C) to a term of imprisonment of 108 months or 9 years. It was also agreed that no further adjustments would be sought by the parties.  (Criminal 07-0126 (ADC), Docket No. 350 at 4.)

The sentencing hearing was held on June 27, 2008. (Criminal 07-0126 (ADC), Docket No. 510.)  After carefully reviewing the terms and conditions of the agreement, the court accepted it and sentenced the petitioner to 108 months of imprisonment as to count three.  Judgment was entered on July 1, 2008. No notice of appeal was filed.  The only post sentence motion filed in the criminal case was a motion to release bond.

On January 18, 2011,  petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner claims that he was not effectively represented by his attorney Luis R. Rivera Gonzalez.  He claims that this was his first offense, and that he received a six level enhancement based upon the firearm.  He argues that his sentence was invalid because it was imposed under the mandatory scheme rather than the advisory scheme and that this was preserved at sentencing. Petitioner protests the excessive amount of the restitution, $157,370.83, and that he has no way of paying the same.  He says

CIVIL 11-1040 (DRD)                                                4
CRIMINAL 07-0126 (DRD)

that he was told by his attorney that he could not appeal nor bring these issues up in a post conviction motion.  In relation to why his petition is late, he describes remedies under Rule 32(d) of the Federal Rules of Criminal Procedure, discussing the juxtaposition of review under §2255 and Rule 32(d).  He also discusses broad concepts of due process.  Finally, petitioner seeks to remove the handgun charge by reducing the six-level enhancement and also eliminate the restitution.

On April 27, 2011, the government opposed the petitioner's motion arguing basically that it should be summarily denied as untimely.  ( Docket No. 3.)   It notes that the conviction became final on July 11, 2008.  Therefore petitioner had until July 13, 2009 to file a §2255 petition.  It was filed over 21 months beyond the due date. Therefore, the petition invites dismissal.  (Id. at 3.)

Petitioner filed objections to the response in opposition on May 31, 2011. (Docket No. 4).  Much of the argument is repetitive, including the adoption of the government's brief in his reply, but stressing that the firearm charge was incorrectly included under Booker.  (In United States v. Booker, the Supreme Court held that the Federal Sentencing Guidelines implicate the Sixth Amendment and struck down the section which made the Guidelines mandatory. United States v. Booker, 543 U.S. 220, 233-37 (2005)).   Petitioner discusses legal concepts of equity at length, the need for flexibility, and the requirements of equitable tolling.  He argues that the Antiterrorism and Effective Death Penalty Act of 1996

CIVIL 11-1040 (DRD)                                              5
CRIMINAL 07-0126 (DRD)

("AEDPA") does not set forth an inflexible rule in relation to the time limits imposed. Petitioner stresses that he has pursued his case diligently in general terms. He also notes that t he restitution increases his punishment.

## II. ANALYSIS

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without

CIVIL 11-1040 (DRD)                              6
CRIMINAL 07-0126 (DRD)

a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).  A claim of ineffective assistance of counsel is, without question, one such constitutional violation that may be raised by way of a 2255 motion.  See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996).

Petitioner argues that his attorney told him he could not appeal or raise these issues by filing any post conviction motion. (Docket No. 1at 4). "In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This inquiry involves a two-part test." Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690.)  "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)). "The

CIVIL 11-1040 (DRD)                              7
CRIMINAL 07-0126 (DRD)

court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694.)  However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 691).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15.)  The defendant bears the burden of proof for both elements of the test. Cirilo-Muñoz v. United

CIVIL 11-1040 (DRD)                                  8
CRIMINAL 07-0126 (DRD)

States, 404 F.3d 527, 530 (1st Cir. 2005), cert. denied, 130 S. Ct. 1103 (2010), (citing Scarpa v. DuBois, 38 F.3d at 8-9.)

In Hill v. Lockhart the Supreme Court applied Strickland's two-part test to ineffective assistance of counsel claims in the guilty plea context. Hill v. Lockhart, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. at 58-59. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Undoubtedly, petitioner was made aware, consistent with the plea agreement, that the court could impose a sentence in accordance with the applicable provisions of the Sentencing Guidelines, 18 U.S.C. § 3551 et seq., which are now and were then advisory. Petitioner was also aware that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the court may accept or reject

CIVIL 11-1040 (DRD)                              9
CRIMINAL 07-0126 (DRD)

the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the court should have rejected the plea agreement, which it did not, then it would inform the parties and afford a defendant an opportunity to withdraw the guilty plea and advise a defendant that if the defendant persisted in a guilty plea, the disposition of the case might be less favorable to the defendant than that contemplated in the plea agreement.

Aside from the issue related to the conversation with the attorney about appeal and post conviction motion, a totally undeveloped argument, there were no surprises at sentencing since petitioner received exactly what he had bargained for. Thus there was no Sixth Amendment violation caused by his attorney. In relation to the enhancement and restitution issues, the argument revolves more around the court's actions rather than the attorney's actions. In any event, there are no grounds present for considering this extraordinary remedy, particularly since the motion is untimely.

III. LIMITATIONS

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. 28 U.S.C. §2255(f). The current petition was clearly filed more than two years from the date petitioner's sentence

CIVIL 11-1040 (DRD)                                10
CRIMINAL 07-0126 (DRD)

became final and unappealable.   However, the inquiry does not necessarily stop there.  In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by  governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The focused argument of the United States, that the petition is time-barred, is correct. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).  To carry the burden of establishing the basis for equitable tolling, the petitioner must show " ' "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'"

CIVIL 11-1040 (DRD)                                    11
CRIMINAL 07-0126 (DRD)

Id. at 323, quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), which in turn quotes Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), cited in Santana v. United States, 2012 WL 426672 (Feb. 9, 2012);  cf. Maples v. Thomas, 132 S.Ct. 912, 922-23 (2012).  There are no extraordinary circumstances present which support a favorable invocation of entitlement to equitable relief.   There is no showing of reasonable or due diligence on the part of the petitioner in seeking relief.  See Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008); Cordle v. Guarino, 428 F.3d 46, 48-49 (1st Cir. 2005); Akins v. United States, 204 F3d. at 1089-90.  One is forced to conclude that petitioner's claim is time-barred.  See Trenkler v. United States, 268 F.3d at 24-27.   In absolute terms, petitioner has presented the court with no factor to weigh in determining whether there has been equitable tolling of the AEDPA limitations period.

## IV.  CONCLUSION

In view of the above, I find that petitioner Xavier Hernandez-Albino has failed to establish that his counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).   Petitioner's arguments, verbose as they are, are totally undeveloped.   It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 427 F.3d

CIVIL 11-1040 (DRD)                    12
CRIMINAL 07-0126 (DRD)

115, 120 n.3 (1ˢᵗ Cir. 2005);   United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).   I also find that petition's motion is definitely time-barred and not subject to consideration due to equitable tolling of the AEDPA limitations period. Equitable tolling "should be invoked only sparingly." Ramos-Martinez v. United States, 638 F.3d at 322, cited in Estabrook v. Gerry, 2011 WL 5330787 at 4 (Sep. 8, 2011).   This is not a case which invites equitable tolling.   Discussing the grounds for relief more than superficially defeats the entire purpose of the limitations caveat.

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.   The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.   Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health

CIVIL 11-1040 (DRD)                            13
CRIMINAL 07-0126 (DRD)

& Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 22d of February, 2012.

                                    S/ JUSTO ARENAS
                                    United States Magistrate Judge