UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| XAVIER HERNANDEZ-ALBINO,<br><br>Petitioner,<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 11-1040 (DRD)<br>Criminal No. 07-126 (DRD)<br><br>28 U.S.C. § 2255 |

**OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is petitioner Xavier Hernández-Albino ("Hernández-Albino") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. For the reasons set forth below, the petition is denied as untimely.

This matter was referred to United States Magistrate Judge Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on February 22, 2012, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 6. As of this date, the *Report and Recommendation* issued by Magistrate Judge Arenas stands unopposed. For the reasons set forth below, the petitioner's motion under 28 U.S.C. § 2255 is denied without evidentiary hearing, as the written record of the case pellucidly demonstrates that he was duly forewarned as to the waiver of appeal. *See Minutes* of March 20, 2008, Criminal No. 07-126[5], Docket No. 355, and *Plea Agreement*, Docket No. 350, ¶ 17, page 6. The *Report and Recommendation* is, hence, deemed un unopposed to be reviewed only under the "plain error" standard.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error");

*Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on February 22, 2012, Civil No. 11-1040, Docket No. 6.  The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation*, from its receipt.  The record shows that, as of this date, the *Report and Recommendation* stands unopposed.  We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

## Factual and Procedural Background

Petitioner Hernández-Albino was charged with five counts, to wit: (a) Count One for participation in a conspiracy which "obstructed and affected commerce and the movement of articles and commodities in commerce by robbery , in violation of 18 U.S.C. § 1951(a); (b) Count Three for interfering with commerce in conspiracy with other defendants, "unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce," in violation of 18 U.S.C. § 1951(b)(3), "and the movement of articles and commodities in such commerce, by robbery," in violation of 18 U.S.C. § 1951(b)(1), wherein Hernández-Albino and other defendants "did, knowingly, intentionally and unlawfully take and obtain property of Loomis Fargo at the time in the custody of JNH, a male person of legal age, employed by Loomis Fargo as guard/operator, consisting of approximately nine hundred and forty-four thousand two hundred twenty-five dollars ($944,225.00), against his will, by means of actual and threatened force, violence, and fear of injury, immediate and

future, to his person," in violation of 18 U.S.C. §§ 1951(a) and 2; c) Court Four for the use of firearms during a crime of violence, as well as obstructing and delaying commerce by robbery, all in violation of 18 U.S.C. §§ 921(a)(3); 924(c)(1)(A)(ii) and 2; 1951(a); and, (d) Counts Seven and Eight for providing false statements to a federal agent in the District of Puerto Rico, in violation of 18 U.S.C. § 1001.  *See Second Superseding Indictment*, Criminal No. 07-126[5], Docket No. 227.

On March 20, 2008, Hernández-Albino pled guilty to Count Three of the Superseding Indictment, *see Minutes* of March 20, 2008, Criminal No. 07-126[5], Docket No. 355.[1]  *See also Report and Recommendation*, Civil No. 11-1040, Docket No. 6, page 2.   Pursuant to the *Plea Agreement*, Hernández-Albino was sentenced to 108 months of imprisonment as to Count Three, on June 27, 2008.  *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 2-3.[2]  The restitution amount imposed to Hernández-Albino was $157, 370.83. *See Judgment* of June 27, 2008, Criminal No. 07-126[5], Docket No. 511, and *Report and Recommendation*, Civil No. 11-1040, Docket No. 3.  No timely notice of appeal was filed.  *Id.*

On January 18, 2011, petitioner Hernández-Albino filed the instant motion under 18 U.S.C.

---

[1]  The Court further notes that ¶ 17 of the *Plea Agreement* provides that: "The defendant hereby agrees that if this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."  *See* Criminal No. 070126[5], Docket No. 350, page 7.

[2]  The terms of the agreement related to count three of the superceding indictment called for a base offense level of 20, pursuant to U.S.S.G. § 2B3.1 (robbery); a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(6)(for use of a firearm during a robbery), another two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F); and another two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(E). Petitioner was awarded a two-level decrease for acceptance of responsibility, pursuant to U.S.S.G.§ 3E1.1(b). A total offense level of 30 was reached which provided for a sentencing range in the advisory guidelines of 97-121 months. Petitioner was sentenced under Fed. R. Crim. P. 11(c)(1)(C) to a term of imprisonment of 108 months or 9 years. It was also agreed that no further adjustments would be sought by the parties. (Criminal 07-0126 (ADC), Docket No. 350 at 4.)  *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 2-3.

§ 2255, alleging: (a) ineffective assistance of counsel; (b) the sentence imposed is "invalid because it was imposed under the mandatory scheme rather than the advisory scheme and that this was preserved at sentencing;" c) the restitution amount is excessive and petitioner "has no way of paying the same;" and (d) Hernández-Albino's attorney advised him that he could not appeal in a post-conviction motion. *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 3-4.

On April 27, 2011, the Government moved the Court to deny Hernández-Albino's petition, as the same was untimely filed. *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, page 4. According to the Government, the conviction became final on July 11, 2008. *Id.* Hence, Hernández-Albino had until July 13, 2009 to file the motion under 18 U.S.C. § 2255. *Id.* The record shows, however, that the petition under § 2255 was filed on January 11, 2011, that is, over 21 months after the due date. Hence, "the petition invites dismissal." *Id.* Hernández-Albelo objected the Government's response, *see* Docket No. 4. *Id.* However, a review of the petitioner's objections are repetitive, "but stressing that the firearm charge was incorrectly included under *Booker*." *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 4-5.[3] Lastly, Hernández-Albino made emphasis that the amount imposed for restitution "increases his punishment." *Id.* at page 5.

## Applicable Law and Discussion

The Court finds that the legal analysis made by Magistrate Judge Arenas is complete and

---

[3] Petitioner discusses legal concepts of equity at length, the need for flexibility, and the requirements of equitable tolling. He argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not set forth an inflexible rule in relation to the time limits imposed. Petitioner stresses that he has pursued his case diligently in general terms. He also notes that the restitution increases his punishment. *See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 4-5.

thorough, not to mention that it stands unopposed as of the date of this writing. Hence, the Court will incorporate *in toto* the Magistrate Judge's analysis.

> Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:
>
>> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .
>
> 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 n.3 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998).
>
> The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States*, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States*, 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill*, 11 F.3d at 226 (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d at 226 (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)). A claim of ineffective assistance of counsel is, without question, one such constitutional violation that may be raised by way of a 2255 motion. *See United States v. Kayne*, 90 F.3d 7, 14 (1st Cir.1996).
>
> Petitioner argues that his attorney told him he could not appeal or raise these issues by filing any post conviction motion. (Docket No. 1 at 4). "In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This inquiry involves a two part test." *Rosado v. Allen*, 482 F. Supp. 2d 94, 101 (D. Mass.2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. at 690.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir.1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. at 689). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 8) (quoting *Strickland v. Washington*, 466 U.S. at 694.) However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. at 691). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 15.) The defendant bears the burden of proof for both elements of the test. *Cirilo-Muñoz v. United States*, 404 F.3d 527, 530 (1st Cir.2005), *cert. denied*, 130 S. Ct. 1103 (2010), (citing *Scarpa v. DuBois*, 38 F.3d at 8-9.)

In *Hill v. Lockhart*, the Supreme Court applied *Strickland*'s two-part test to ineffective assistance of counsel claims in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the *Hill* Court explained, "[i]n the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. at 58-59. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Undoubtedly, petitioner was made aware, consistent with the plea agreement, that the court could impose a sentence in accordance with the applicable

7

provisions of the *Sentencing Guidelines*, 18 U.S.C. § 3551 et seq., which are now and were then advisory. Petitioner was also aware that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the court should have rejected the plea agreement, which it did not, then it would inform the parties and afford a defendant an opportunity to withdraw the guilty plea and advise a defendant that if the defendant persisted in a guilty plea, the disposition of the case might be less favorable to the defendant than that contemplated in the plea agreement.

Aside from the issue related to the conversation with the attorney about appeal and post conviction motion, a totally undeveloped argument, there were no surprises at sentencing since petitioner received exactly what he had bargained for. Thus there was no Sixth Amendment violation caused by his attorney. In relation to the enhancement and restitution issues, the argument revolves more around the court's actions rather than the attorney's actions. In any event, there are no grounds present for considering this extraordinary remedy, particularly since the motion is untimely.

### [LIMITATIONS]

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. 28 U.S.C. §2255(f). The current petition was clearly filed more than two years from the date petitioner's sentence became final a nd unappealable. However, the inquiry does not necessarily stop there. In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

> due diligence.
>
> 28 U.S.C. § 2255(f).
>
> The focused argument of the United States, that the petition is time-barred, is correct. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos-Martinez v. United States*, 638 F.3d 315, 321-24 (1st Cir.2011). To carry the burden of establishing the basis for equitable tolling, the petitioner must show " ' "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Id.* at 323, quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010), which in turn quotes *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); . . . ; *Maples v. Thomas*, ___ U.S. ___, 132 S.Ct. 912, 922-23, 181 L.Ed.2d 807 (2012). There are no extraordinary circumstances present which support a favorable invocation of entitlement to equitable relief. There is no showing of reasonable or due diligence on the part of the petitioner in seeking relief. *See Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008); *Cordle v. Guarino*, 428 F.3d 46, 48-49 (1st Cir. 2005); *Akins v. United States*, 204 F3d. at 1089-90. One is forced to conclude that petitioner's claim is time-barred. *See Trenkler v. United States*, 268 F.3d at 24-27. In absolute terms, petitioner has presented the court with no factor to weigh in determining whether there has been equitable tolling of the AEDPA limitations period.

*See Report and Recommendation*, Civil No. 11-1040, Docket No. 6, pages 5-11.

## Certificate of Appealability

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court fully agrees with the analysis and the recommendations made by Magistrate Judge Arenas, hence, the Court adopts *in toto*, the *Report and Recommendation*, Civil No. 11-1040,

Docket No. 6, as supplemented herein.[4]  The Court further finds that there is no plain error, in the well supported analysis made by Magistrate Judge Arenas based on the record and the applicable law.  The Court finds no "plain error" as to the *Report and Recommendation* issued particularly for the petition is grossly time barred, and there was no circumstances alleged as to equitable tolling.

For the reasons set forth above, petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 1, is denied.  Petitioner's claims are hereby dismissed with prejudice.

Judgment will be entered accordingly.

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of March, 2014.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> United States District Judge

---

[4] "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff."  Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Unión de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993).